THOMAS EARL GARRETT V. STATE

No. 33,792. November 8, 1961
Motion for Rehearing Overruled January 3, 1962

Appellant represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, six months in jail.

Officer Salazar of the Brownwood police testified that he arrived upon the scene of an automobile collision on the night in question and there observed appellant staggering around in the street looking for his shoes, that he smelled beer on his breath, and expressed the opinion that he was intoxicated. He testified that after their arrival at the jail he discovered a broken vodka bottle in appellant's hip pocket.

Santiago Gonzales testified that he, his wife and baby were traveling on the streets of Brownwood on the occasion in question when an automobile driven by appellant ran into the side of his automobile, that later as he rode in the police car with appellant he smelled beer on his breath, and expressed the opinion that he was intoxicated.

Officer Thompson testified that he arrived at the scene of the collision and found appellant with one shoe on and one off, that he detected the odor of alcohol on his breath, observed him stumbling around trying to put on a shoe, found a broken half-pint vodka bottle in his pocket, and expressed the opinion that appellant was "very drunk."

Chief of Police Calder testified that he was at the police station on the night in question when appellant was brought in with the help of the policemen and that he staggered, expressed the opinion that he was intoxicated, and identified appellant as being the person convicted in the prior misdemeanor case alleged.

Appellant called the witness Davis, who testified that he was at a certain house in Brownwood on the night in question, that appellant came there but upon preparing to depart was unable

to get his automobile to start and borrowed one belonging to Raymond Cox. He expressed the opinion that appellant was not intoxicated.

The witness Fendley testified that he was visiting at a home in Brownwood drinking beer, that appellant came to the house but had nothing to drink.

Appellant and his mother testified that appellant had been at the Veterans Hospital for some time prior to the occasion in question suffering from a bad stomach and that he had nothing to drink on the night in question. Appellant admitted driving the automobile which was involved in the collision.

The jury resolved the conflict in the evidence against appellant, and we find the evidence sufficient to support their finding.

The bills of exception found in the transcript bear merely the notation "Filed July 20, 1961," which was more than 90 days after the giving of notice of appeal, and, as provided by Article 760d, V.A.C.C.P., if properly presented, were filed too late to authorize their consideration by this court.

Finding no reversible error, the judgment of the trial court is affirmed.